By the Court.

This suit was commenced by the appellee, as plaintiff, in the late city court, and from the decision of that court an appeal was taken to the superior court of the late Territory of Orleans, and the suit transferred to the district court of the first district ; and from a final judgment there rendered, it is brought, by an appeal, before this court. The action is instituted on certain sales of lots made by the appellee, to the appellant, which are situated in the fauxbpurg, and are part of the plantation purchased by Du-plantier, the appellee, from Madam Delor Sarpy, and conveyed to him by a public act of sale, bearing date on the 16th of June 1807, by which the whole property is mortgaged, to secure the payment of the purchase money. The acts of sale from the appellee to the appellant, for the lots, bear date in August and November of the same year, and in them a mortgage is reserved on the property, in iavor of the seller ; the payment of the price was to have . been made by instalments, the first of which was duly paid ; and the pur *243 chaser failing to pay the latter, the suit was commenced as above stated.
The counsel for the appellant, who was defendant in the court below, contends that he is not bound to pay for the property in question, on two grounds.
1. On account of the probability of being disturbed in his possession, and the danger of being evicted by Madam Delor Sarpy, the seller to Duplantier: as she holds a mortgage on the property, to secure the payment of the price, 80,000 dollars, of which a part appears yet to remain unpaid.
2. Because the seller, Duplantier, has altered the plan of his fauxbourg, so as to lessen the value of the lots purchased by the appellant, and this since the sale. And they further contend that they ought not to pay interest on the price, and that the judgment of the district courtis erroneous in.having allowed it, as is cannot legally be recover-red, until the purchaser shall be secured in his quiet possession ; and that no interest ought to be paid, because the thing sold yields no fruits or profits. '
I. As to the first ground of opposition made by the appellant, to the payment of the price, this court is of opinion, that he is well supported in it by the Facts and the law applicable to the case. *244 Theie carl be no doubt but that he is liable to be disturbed in his possession, and in danger of evie* tion, so long as Madam Delor’s mortgage re» mains unsatisfied, which appears to be the case, and that to a very large amount : add to this the great danger of total loss in consequence of the probable insolvency of the seller ; and it does not appear that any security has been offered, on his part, against these dangers to which the purchase? is so evidently exposed. The law is positive and explicit, that if the buyer discovers before payment that he is in danger of eviction, and makes this appear, he cannot be compelled to pay the price, till after he is secured in his possession. 1 Domat, book 1. c. 2 sect. 3, art. 11, in support of this rule is cited the digest.
The second objection to payment made by the appellant, might possibly he good, so far as to diminish the price, or even extend to a rescission of the contract; but not being supported by such evidence as would enable the court to decide with any kind of certainty, and, indeed, having been almost abandoned by the counsel, in the argument of the cause, it is thought unnecessary tó make any further observations on this point.
II. As it relates to the refusal to pay interest, it is Unnecessary to enter into any lengthy discussion on that subject, as it has already been decided in this Court, in the case of Syndics of Segur *245 vs. Brown, ante 93, that where the price is owing for bad or any thing which, from its nature, may produce fruits or revenue, there interest is recoverable from the period at which the money became due, tho’ no demand of payment has been made—whether the land be one acre, or' an hundred, is immaterial. But, in the present case, it is contended that interest ought, not to be recovered, because the buyer is not bound to pay the original debt, until he be secured in his possession ; and this objection appeared to the court to have considerable weight ; however, on examining the law, we find that it is the actual possession and enjoyment of the property, which gives the right to the seller to claim interest, and that, so long as the purchaser remains in possession, he is bound to pay it on the price, unless he offer the money to the seller, and consign it for his use, in case he refuses to receive it ; it being considered unjust that the purchaser should, at the same time, enjoy both the price and the thing sold. In support -of this doctrine vide 1 Domat 397, book 3, c. 5. 11 Pothier con. de vent. 294 no. 284 and the Digest, book 19, law 13 c. 20, 21.
From an examination of the record, it does, appear that the judge and jury in the court below, intended to found their verdict and judgment, on the principles herein acknowledged as law, by this *246 ccmrt* But from the manifest uncertainty in the verdict, and as the district judge has not, in his judgment thereon, rendered it more explicit, it becomes the duty of this court to reverse and annul the judgment of the district court ; and, proceeding to render such judgment in the case as ought there to have been given : it is ordered adjudged and decreed, (and we do hereby order, adjudge and decree) that the appellee, Duplantier, do recover from the appellant, Pigman, the sum of three thousand three hundred and.thirty three dollars and thirty three cents, with interest at the rate of five per centum per an. on the amount of each instalment, from the period, at which it became due. But it is hereby provided, that the said appellee shall not be at liberty to take out execution, on this judgment, until he tenders a release of the mortgage, which Madam Delor Sarpy holds on the property purchased, by him from her, so far as it relates to the lots, sold by him, the said appellee, to the appellant, or offers to him good and sufficient security, to be approved of by the district court of the first district, to save him harmless from all disturbances or evictions which may happen to him in his possession of said lots, by or on account'of said mortgage, and that the appellee pay the costs of this appeal. And it is further ordered that this judgment be certified to the district court.